**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MICHAEL MOHAMMED SALAMI,**

    **Plaintiff,**                                       Case No. 17-cv-12587

    v.                                              District Judge Linda V. Parker

**LT. ROLLO, SGT. CHONICKI, and**        Magistrate Judge Mona K. Majzoub
**UNKNOWN SEGREGATION DEPUTY,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [17],
MOTION FOR FACILITY TRANSFER [49],
AND MOTION TO STRIKE AFFIRMATIVE DEFENSES [46]**

Plaintiff Michael Mohammed Salami filed this *pro se* civil rights matter alleging that Defendants Lt. John Rollo, Sgt. Christopher Chojnacki (misspelled in Plaintiff's complaint as "Chonicki"), and an "unknown segregation officer" failed to prevent Plaintiff from being assaulted by another prisoner, with deliberate indifference to his safety in violation of the Eighth Amendment.  (Docket no. 1.)  Plaintiff seeks damages pursuant to 42 U.S.C. § 1983.

Plaintiff has filed several procedural and/or discovery motions, which have been addressed in a separate order.  This Report and Recommendation will address Plaintiff's Motion for Preliminary Injunction (docket no. 17), Plaintiff's Motion for Facility Transfer (docket no. 49), and Plaintiff's Motion to Strike Affirmative Defenses (docket no. 46). Plaintiff also filed a Motion for Summary Judgment (docket no. 6), a motion for leave to amend that motion (docket no. 20), and an Amended Motion for Summary Judgment (docket no. 21).  In a separate order, the Court granted Plaintiff's motion to amend, and directed Defendants to respond to Plaintiff's

amended motion. Because the Amended Motion for Summary Judgment (docket no. 21) supersedes the original Motion for Summary Judgment (docket no. 6), the original motion should be denied as moot.

This matter was referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 10.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

I.  RECOMMENDATION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction [17] be **DENIED**, that Plaintiff's Motion for Facility Transfer [49] be **DENIED**, and that Plaintiff's Motion to Strike Affirmative Defenses [46] be **DENIED**. In addition, Plaintiff's original Motion for Summary Judgment [6] should be **DENIED** as moot.

II. REPORT

    A.  Background

At all times relevant to this dispute, Plaintiff was an inmate housed at the Macomb County Jail. (Docket no. 1, p. 2.) Plaintiff submits that on October 30, 2014, he was physically attacked by inmate Dezhon Johnson. (*Id*. at 3.) Plaintiff contends that Defendants Rollo, Chojnacki, and an unknown segregation deputy violated Plaintiff's rights under the Eighth Amendment by failing to adequately respond to Plaintiff's requests to be protected from Johnson. (*Id*.)

On October 26, 2017, Defendants Rollo and Chojnacki filed their answer and affirmative defenses. (Docket no. 26.) The unknown segregation deputy remains unidentified and has not been served. (*See* docket no. 41.) This matter is now before the Court on Plaintiff's Motion for

2

Preliminary Injunction (docket no. 17), Plaintiff's Motion for Facility Transfer (docket no. 49), and Plaintiff's Motion to Strike Affirmative Defenses (docket no. 46).

### B. Law & Analysis

#### 1. Motion for Preliminary Injunction [17]

Plaintiff requests the Court to impose a "Preliminary Injunction against the Macomb County Jail to stop violating inmates," contending that "[p]retrial detainees and convicted offenders that are housed at the Macomb County Jail are likely to suffer irreparable harm." (Docket no. 17.) Defendants oppose Plaintiff's request, asserting that Plaintiff fails to justify the requested injunction. (Docket no. 33.)

Rule 65 of the Federal Rules of Civil Procedure authorizes the issuance of preliminary injunctions and temporary restraining orders. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In deciding a motion for a preliminary injunction, the court should consider whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Id.* (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id. See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

As Defendants observe, Plaintiff has not resided at the Macomb County Jail since December of 2014. (Docket no. 30, p. 3.) Plaintiff purports to seek an injunction in order to

prevent harm to present inmates of Macomb County Jail, but fails to present evidence of a particular threat to any current inmate. Accordingly, Plaintiff cannot demonstrate that he will suffer irreparable injury without the injunction.

Whether or not Plaintiff is likely to succeed on the merits of his own claim, the subject matter of the present dispute bears, at best, a tangential relation to the requested injunction. For this reason, the Court should deny Plaintiff's Motion for Preliminary Injunction (docket no. 17).

### 2. Motion for Facility Transfer [49]

Plaintiff requests the Court to transfer him to another correctional facility. (Docket no. 49.) However, he advances no authority on which the Court could grant such a request. Defendants submit that Plaintiff's housing assignment is under the control of the Michigan Department of Corrections, which is not a party to this matter. (Docket no. 57.) Accordingly, the Court should deny Plaintiff's motion for a transfer of facilities.

### 3. Motion to Strike Affirmative Defenses [46]

Plaintiff requests the Court to strike all of the affirmative defenses listed in Defendants' Answer (docket no. 26). (Docket no. 46.) Plaintiff purports to bring this motion pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure. (*Id.*) However, while Rule 8 provides that a responsive pleading must affirmatively state certain defenses, Rule 12(f) provides the procedure for striking such affirmative defenses.

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The court may do so on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are viewed with disfavor and are not frequently granted. *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown &*

4

*Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Thus, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson*, 201 F.2d at 822.

As an initial matter, it appears that Plaintiff failed to file his motion to strike within 21 days of being served with Defendants' Answer. (*See* docket no. 26 (Defendants' Answer served by U.S. Mail to Plaintiff on October 26, 2017) and docket no. 46 (Motion to Strike dated November 30, 2017).) In addition, Plaintiff fails to demonstrate that Defendants' affirmative defenses "have no possible relation to the controversy." *See Brown & Williamson*, 201 F.2d at 822. The merits of those affirmative defenses should be addressed at a later stage of this case, and Plaintiff's motion to strike should be denied.

### III. CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction [17] be **DENIED**, that Plaintiff's Motion for Facility Transfer [49] be **DENIED**, and that Plaintiff's Motion to Strike Affirmative Defenses [46] be **DENIED**. In addition, Plaintiff's original Motion for Summary Judgment [6] should be **DENIED** as moot.

### IV. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 18, 2018          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Michael Salami and counsel of record on this date.

Dated: January 18, 2018          s/ Leanne Hosking
                                 Case Manager