UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

    Plaintiff,

v.

LT. ROLLO, SGT. CHONICKI, and
UNKNOWN SEGREGATION DEPUTY,

    Defendants.
_____/

Civil Case No. 17-12587
Honorable Linda V. Parker

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 18, 2018 REPORT AND RECOMMENDATION; (2) DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION, FACILITY TRANSFER, AND TO STRIKE AFFIRMATIVE DEFENSES; (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 18, 2018 ORDER AND AFFIRMING ORDER</u>**

Plaintiff commenced this pro se civil rights lawsuit against Defendants on August 4, 2017. Plaintiff subsequently filed numerous motions, including: (1) thirteen procedural and discovery motions (ECF Nos. 3, 4, 11, 13, 14, 16, 18, 20, 40, 45, 48, 55, 56); (2) a motion for summary judgment (ECF No. 6); (3) a motion for preliminary injunction (ECF No. 17); (4) an amended motion for summary judgment (ECF No. 21); (5) a motion to strike affirmative defenses (ECF No. 46); and (6) a motion for facility transfer (ECF No. 49.) The matter has been assigned to Magistrate Judge Mona K. Majzoub for all pretrial proceedings, including a

hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On January 18, 2018, Magistrate Judge Majzoub issued an order regarding Plaintiff's procedural and discovery motions. (ECF No. 59.) On the same date, Magistrate Judge Majzoub issued a report and recommendation ("R&R") recommending that the Court deny Plaintiff's motions for preliminary injunction, to strike affirmative defenses, and for facility transfer. (ECF No. 60.). Because Plaintiff filed an amended motion for summary judgment, Magistrate Judge Majzoub also recommends that the Court deny as moot his initial summary judgment motion. (*Id.*) At the conclusion of her order and R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of her decisions within fourteen days of service upon them. (ECF No. 59 at Pg ID 204; ECF No. 60 at Pg ID 209.) With respect to the R&R, Magistrate Judge Majzoub further advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (ECF No. 60 at Pg ID 209.) On February 13, 2018, Plaintiff filed objections, which he signed and dated February 2, 2018. (ECF Nos. 64, 65.)

Plaintiff's objections address Magistrate Judge Majzoub's non-dispositive and dispositive rulings. When a party objects to a magistrate judge's non-

2

dispositive decision, the reviewing court must affirm unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

With respect to Magistrate Judge Majzoub's ruling on his procedural and discovery motions, Plaintiff objects first to her failure to specifically order the Michigan Department of Corrections to allow him to view the video on its monitor. (ECF No. 64 at Pg ID 244.) Plaintiff did not seek such relief in his motion, however. (*See* ECF No. 4.) In fact, Magistrate Judge Majzoub went further than the relief requested and ordered Defendants to produce the surveillance footage to Plaintiff within fourteen days of her order.[1] (ECF No. 50 at Pg ID 200.) As such, the Court finds no error in Magistrate Judge Majzoub's ruling.

Plaintiff next objects to Magistrate Judge Majzoub's ruling with respect to his motion to adjourn the scheduling order. (ECF No. 64 at Pg ID 245.) The reason Plaintiff now puts forth for why the scheduling order should be expedited, however, was not stated in his motion. (*See id*.) In fact, the reason—a sexual attack committed against Plaintiff—occurred after he filed his motion and after Magistrate Judge Majzoub issued her ruling. As a result, the Court finds no error in Magistrate Judge Majzoub's finding that Plaintiff failed to establish good cause for a modification of the scheduling order. *See* Fed. R. Civ. P. 16(b)(4).

---

[1] If Plaintiff is not provided access to the equipment necessary to view the video, he then may request assistance from the Court in doing so.

Defendants agreed to provide Plaintiff with the discovery he sought in his motion for discovery, and the scheduling order provides until June 29, 2018 for the parties to conduct discovery. Thus, Magistrate Judge Majzoub did not err in denying as moot Plaintiff's motion for discovery. The magistrate judge also correctly analyzed Plaintiff's motion for a physical examination under Federal Rule of Civil Procedure 35. Plaintiff fails to demonstrate that these rulings were factually or legally erroneous.

Lastly, Plaintiff objects to Magistrate Judge Majzoub's denial of his motion to appoint counsel. (*Id*. at Pg ID 248-49.) As Magistrate Judge Majzoub stated, "[a]ppointment of counsel in a civil case is not a constitutional right" and counsel "is justified only by exceptional circumstances." (ECF No. 59 at Pg ID 201, quoting *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).) Plaintiff has not shown that this is an exceptional case warranting the appointment of counsel, particularly where Plaintiff is a certified paralegal. Plaintiff argues in his objections that he faces a delay in accessing the law library. While this may later support a requested extension of time, it does not demonstrate exceptional circumstances warranting the appointment of counsel. Magistrate Judge Majzoub did not foreclose the appointment of counsel to represent Plaintiff at a later time and thus his argument that he needs counsel to try his claims before a jury does not establish error in her decision. Courts in this jurisdiction routinely seek to appoint

counsel to represent pro se plaintiffs whose claims survive summary judgment and will be proceeding to trial.

Turning to Magistrate Judge Majzoub's R&R, Plaintiff first objects to her recommendation that the Court deny his motion to strike affirmative defenses. (ECF No. 65 at Pg Id 251-52.) Plaintiff, however, does not state a basis under the applicable rule, Federal Rule of Civil Procedure 12(f), for striking those defenses. Thus the Court rejects Plaintiff's objection to this ruling.

Plaintiff also objects to Magistrate Judge Majzoub's recommendation that the Court deny his motion for preliminary injunction. (*Id.* at Pg ID 252-53.) In his motion, Plaintiff sought an injunction barring the Macomb County Jail from violating inmates' rights under the Eighth and Fourteenth Amendments. (ECF No. 17.) Because Plaintiff no longer resides at the Macomb County Jail, however, he cannot show that he will suffer irreparable injury without the injunction. Plaintiff is not bringing this lawsuit on behalf of a putative class of inmates incarcerated at the jail, thus any threat to other inmates is not before the Court.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Majzoub's January 18, 2018 order and R&R.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Majzoub's January 18, 2018 Opinion and Order Regarding Procedural and Discovery Motions (ECF No. 59) is **AFFIRMED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 17), Motion for Facility Transfer (ECF No. 49), and Motion to Strike Affirmative Defenses (ECF No. 46) are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 6) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 2, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
