UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

    Plaintiff,                        Case No. 17-cv-12587

    v.                                 District Judge Linda V. Parker

LT. ROLLO, SGT. CHONICKI, and      Magistrate Judge Mona K. Majzoub
UNKNOWN SEGREGATION DEPUTY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Mohammed Salami filed this *pro se* civil rights matter alleging that Defendants Lt. John Rollo, Sgt. Christopher Chojnacki (misspelled in Plaintiff's complaint as "Chonicki"), and an "unknown segregation officer" failed to prevent Plaintiff from being assaulted by another prisoner, with deliberate indifference to his safety, in violation of the Eighth Amendment. (Docket no. 1.) Plaintiff seeks damages pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's amended motion for summary judgment. (Docket no. 21.) This matter was referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 10.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

I.     **RECOMMENDATION**

For the reasons stated herein, the undersigned recommends that Plaintiff's amended motion for summary judgment [21] be **DENIED**.

**II.     REPORT**

   **A.     Background**

At all times relevant to this dispute, Plaintiff was an inmate housed at the Macomb County Jail. (Docket no. 1, p. 2.) On October 30, 2014, a physical altercation occurred between inmate Dezhon Johnson and Plaintiff in the "MS6" area of the jail. (Docket no. 1, p. 18.) After the incident, Plaintiff had "[s]welling and red marks on the left side of his face and head," "[a] laceration on his left shoulder," "[s]everal cuts and dried blood on his hands," and "dried blood around [his] mouth and chin." (Docket no. 1, p. 16.)

Plaintiff contends that Defendants Rollo, Chojnacki, and an "unknown segregation deputy" violated Plaintiff's rights under the Eighth Amendment by failing to adequately respond to Plaintiff's requests to be protected from Johnson. (*Id.*).

On October 26, 2017, Defendants Rollo and Chojnacki filed their answer and affirmative defenses. (Docket no. 26.) The unknown segregation deputy remains unidentified and has not been served. (*See* docket no. 41.) This matter is now before the Court on Plaintiff's amended motion for summary judgment. (Docket no. 21.)

   **B.     Standard of Review**

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 21.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

C.   **Analysis**

Plaintiff requests the Court to find as a matter of law that Defendants violated the Eighth Amendment by failing to protect him from an assault by another inmate, Dezhon Johnson, with deliberate indifference to the risk of such harm. (*See generally* docket no. 21.) Defendants submit that summary judgment is not appropriate because: (1) neither Defendant Rollo nor Defendant Chojnacki directly supervised Plaintiff's housing unit; (2) Defendants Rollo and Chojnacki neither encouraged nor condoned Johnson's actions; and (3) Defendant Rollo and

3

Defendant Chojnacki lacked any knowledge of threats by Johnson against Plaintiff. (Docket no. 62, pp. 8, 11.)

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). Second, to violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297 (holding that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment"). In prison-conditions cases, that state of mind is one of "deliberate indifference" to inmate health or safety. *Id.* at 302–303. In order to demonstrate "deliberate indifference," an inmate must show that the prion official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that the official drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Based on the record before the Court, a material question of fact remains regarding Defendants' role in the October 30, 2014 altercation. Plaintiff testifies that he sent a "note" to Defendant Chojnacki "three days before the assault, asking for him to move Plaintiff because he [was] receiving death threats and fear[ed] for his safety." (Docket no. 6, p. 5.) In addition, Plaintiff's mother Antonia Salami testifies that she told Defendant Rollo that Johnson threatened her son prior to the subject incident. (Docket no. 6, p. 4.) In stark contrast, Defendants Rollo and Chojnacki testify that they were "not aware of any threats allegedly made by Dezhon Johnson against [Plaintiff]," that they "did not have a conversation with either [Plaintiff] or his mother about Johnson prior to the fight," and that they "did not learn of the assault until after it

4

occurred." (Docket no. 62-2; docket no. 62-5.) Furthermore, both Defendants testify that their duties "did not involve the direct supervision of [Plaintiff's] housing unit" on October 30, 2014. (*Id.*)

Because material questions of fact remain regarding whether Defendants acted with deliberate indifference to a substantial risk of serious harm to Plaintiff, the Court should deny Plaintiff's amended motion for summary judgment.

### III. CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's amended motion for summary judgment [21] be **DENIED**.

### IV. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not

later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 14, 2018          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated: March 14, 2018          s/ Leanne Hosking
                               Case Manager