UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

    Plaintiff,                            Civil Case No. 17-12587
                                            Honorable Linda V. Parker

v.

LT. ROLLO, SGT. CHONICKI, and
UNKNOWN SEGREGATION DEPUTY,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S MARCH 14, 2018 REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT**

      Plaintiff commenced this pro se civil rights lawsuit against Defendants on August 4, 2017, alleging that Defendants were deliberately indifferent to threats to his safety from another inmate, Dezhon Johnson, and failed to protect Plaintiff from Johnson's subsequent physical assault. On August 18, 2017, Plaintiff filed a motion for summary judgment. (ECF No. 6.) He filed an amended motion for summary judgment on October 6, 2017. (ECF No. 21.) The matter has been assigned to Magistrate Judge Mona K. Majzoub for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 2, 2018, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") recommending that this Court deny as moot Plaintiff's motion for summary judgment in light of his filing of an amended motion. (ECF No. 73.) On March 14, 2018, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") in which she recommends that the Court deny Plaintiff's amended summary judgment motion. (ECF No. 77.) Magistrate Judge Majzoub reasons that there is a genuine issue of material fact with respect to Defendants' role in the attack on Plaintiff and their knowledge of the risk Johnson posed to Plaintiff before the attack. (*Id*. at Pg ID 306-07.)

At the conclusion of both R&Rs, Magistrate Judge Majzoub advises the parties that they may object to and seek review of her decisions within fourteen days of service upon them. (*Id.* at Pg ID 307-08.) She further advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.* at Pg ID 307.) On March 13, 2018, Plaintiff filed objections to Magistrate Judge Majzoub's recommendation that the Court deny as moot his motion for summary judgment. (ECF No. 75.) Neither party has filed timely objections to Magistrate Judge Majzoub's March 14, 2018 R&R.

Plaintiff objects to Magistrate Judge Majzoub's March 2, 2018 R&R, arguing that he presented evidence to support his claims. (*Id.*) Specifically, Plaintiff refers to video footage of the incident and pictures of his injuries.

2

Plaintiff also claims that he and his mother provided sworn affidavits. Plaintiff "pleads with this Honorable Court to reconsider the denial of summary judgment" or explain why the motion is being denied "with the overwhelming amount of evidence Plaintiff has shared with this Court, that overwhelms Defendant(s) [sic] evidence." (*Id*. at Pg ID 294.) While Plaintiff seems to misunderstand Magistrate Judge Majzoub's March 2 decision with respect to his initial summary judgment motion, the Court will consider his objections as applicable to her subsequent recommendation with respect to his amended summary judgment motion.[1]

When deciding a summary judgment motion, a court must decide if the movant is entitled to a ruling in his or her favor on the law based on the facts presented. *See* Fed. R. Civ. P. 56. Where facts are disputed that are material to whether the moving party should prevail as a matter of law, the court must deny summary judgment to the moving party. *Id.* The court may not weigh evidence or decide the credibility of the parties when ruling on a summary judgment motion. *Schreiber v. Moe*, 506 F.3d 323, 333 (6th Cir. 2010) (quoting *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (Explaining that, when determining whether there is a genuine issue for trial, "credibility judgments and

---

[1] Magistrate Judge Mazjoub did not rule on the merits of Plaintiff's first summary judgment motion because he filed an amended motion. In other words, she found it unnecessary to decide Plaintiff's first motion because he replaced it with another motion seeking the same relief. That is the meaning of her recommendation to "deny as moot" the first motion.

weighing of the evidence are prohibited.")); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). As such, while Plaintiff may have submitted "overwhelming evidence" to support his claims, if Defendants provided more than a scintilla of evidence in response, Plaintiff's amended motion for summary judgment should be denied.

Defendants' sworn affidavits provided more than a scintilla of evidence to create a genuine issue of material fact with respect to their awareness of Johnson's assault at the time it occurred and prior knowledge of Johnson's risk of harm to Plaintiff. (*See* ECF Nos. 62-2, 62-5.) Sergeant Chojnacki and Lieutenant Rollo provide that their direct responsibilities at the time of the assault did not include supervision of the maximum security unit where Plaintiff was housed and attacked. (ECF No. 62-2 at ¶ 5; ECF No. 62-5 ¶ 4.) They also state that they did not have direct contact with Plaintiff or Johnson prior to the assault, were not present when it occurred, and did not encourage or condone the attack. (ECF No. 62-2 at ¶¶ 6, 7; ECF No. 62-5 at ¶¶ 5, 6.) Further, Defendants state that they were unaware of Johnson's threats prior to the assault. (ECF. No. 62-2 ¶ 9; ECF No. 62-5 ¶ 7.)

In light of this evidence, the Court must reject Plaintiff's objections to

4

Magistrate Judge Majzoub's recommendation that Plaintiff's amended motion for summary judgment be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Motion for Summary Judgment (ECF No. 21) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 14, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager